UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TIMOTHY ONEAL SHOWERS | CIVIL ACTION |
| VERSUS | NO. 25-1668 |
| LOUISIANA HEALTHCARE CONNECTIONS, INC. | SECTION "O" (3) |

## REPORT AND RECOMMENDATION

*Pro se* Plaintiff Timothy Showers filed the above-captioned matter asserting claims against Louisiana Healthcare Connection, Inc. ("LHC") for loss of wages, severe emotional distress, negligence, and damages to operations of his business, O&M Family Care.[1] This court ordered Plaintiff to show cause as to why his claims should not be dismissed for lack of subject-matter jurisdiction.[2] Plaintiff filed a response to the order to show cause, pleading federal question jurisdiction under the Medicaid Act and the Fourteenth Amendment.[3]

### I.     Mandatory Screening Provisions

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). 28 U.S.C. 1915(e)(2) thus directs that courts "shall dismiss [an *in forma pauperis* plaintiff's] case at any time" if the plaintiff's complaint fails to state a claim

---

[1] R. Doc. 1 at 2.
[2] R. Doc. 5.
[3] R. Doc. 6.

upon which relief may be granted or is determined to be frivolous.

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quotation and citation omitted). This standard, "when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Additionally, federal courts are courts of limited subject-matter jurisdiction. *See, e.g., Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022). As the Supreme Court has explained:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim "arising under" the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Because "subject-matter jurisdiction ... involves a court's power to hear a case, [it] can never be forfeited or waived." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)). Federal courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party[.]" *Id.* (citing *Ruhrgas AG v.*

2

*Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.   Analysis

Construed generously, Plaintiff brings claims under § 1983 for alleged violations of the Medicaid Act and the Fourteenth Amendment.

### A.   The Medicaid Act

Plaintiff brings a claim under the Medicaid Act, 42 U.S.C. § 1396(a)(8), for failure to provide medical assistance with reasonable promptness.[4] Pursuant to 42 U.S.C. § 1396(a)(8), a State plan for medical assistance must "provide that all individuals wishing to make application for medical assistance under the plan shall have opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals."

Plaintiff's submissions indicate that he is a principal of O&M Family Care, LLC ("O&M"), a facility that sought licensure as a Behavioral Health Services provider.[5] Plaintiff disputes whether O&M owes LHC reimbursement relative to an alleged overpayment.[6] The record includes multiple communications between O&M and LHC relative to the existence and extent of the alleged overpayment. Plaintiff's § 1896(a)(8) claim is based on the allegation that he "repeatedly requested assistance

---

[4] R. Doc. 6, ¶¶ 1–3.
[5] R. Doc. 6-3 at 2.
[6] *Id.* at 8.

3

from Louisiana Healthcare Connections ("LHC") from 2019 through 2025."[7] Plaintiff has not, however, provided any allegation suggesting that he is Medicaid applicant seeking "medical assistance" under § 1396(a)(8). As the Fifth Circuit has observed, the "reasonable promptness clause is clearly intended to benefit 'eligible individuals.'" *Romano v. Greenstein*, 721 F.3d 373, 378 (5th Cir. 2013) (citation omitted). Thus, to the extent that § 1983 permits a claim based on a violation of § 1396(a)(8), it does not extend to the billing dispute between O&M and LHC. Plaintiff's Medicaid Act claim is thus frivolous.

### B. Fourteenth Amendment

Plaintiff also brings a claim under the Fourteenth Amendment for violation of due process.[8] The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." *Reed v. Goertz*, 598 U.S. 230, 236 (2023) (citation omitted).

Plaintiff has not alleged that he has been deprived of a protected interest. He attached a letter from LHC notifying O&M Family Care of an overpayment of $1,728,377.68 for ineligible claims.[9] Plaintiff has also attached an email chain relative to whether O&M Family Care was licensed and authorized to provide

---

[7] R. Doc. 6, ¶ 2.
[8] *Id.* ¶ 1.
[9] R. Doc. 6-3 at 5.

4

services.[10] LHC first notified Plaintiff that O&M Family Care's license had expired.[11] Plaintiff responded by attaching a new license.[12] LHC informed Plaintiff that it would authorize requests for services.[13] Liberally construed, Plaintiff appears to allege that O&M Family Care was properly licensed and not liable for the overpayment of ineligible claims by LHC. Yet there are no specific factual allegations that state action deprived O&M of property through inadequate process. Thus, Plaintiff fails to state any non-frivolous procedural due process claim.

## RECOMMENDATION

Plaintiff has not raised any non-frivolous claim implicating federal question jurisdiction. He does not allege (nor does the record support) diversity jurisdiction. Accordingly,

It is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served

---

[10] R. Doc. 6-2 at 2.
[11] *Id.*
[12] *Id.* at 3.
[13] *Id.* at 4.

5

with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) *superseded by statute on other grounds.*

New Orleans, Louisiana, this 17th day of November, 2025.

                                                                  EVA J. DOSSIER
                                    UNITED STATES MAGISTRATE JUDGE